854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re Charles T. HALL, Appellant.
Howard G. BRITT, Plaintiff-Appellee,
v.
Otis R. BOWEN, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 88-3010.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1988.
Decided Aug. 5, 1988.
 
 Charles T. Hall for appellant.
 Merlene Winokur Heiser, Office of the General Counsel, Social Security Division (Margaret P. Currin, United States Attorney, Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, A. George Lowe, Chief, Disability Litigation Branch, Department of Health & Human Services on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and DONALD RUSSELL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles T. Hall, former attorney for social security claimant Howard G. Britt, appeals the district court order approving attorney's fees under 42 U.S.C.A. Sec. 406(b) (West 1983). We affirm.
 
 
 2
 When the claimant's disability benefits were terminated in 1981, he retained Mr. Hall to represent him. They entered into a contingent fee contract whereby the claimant agreed to pay an attorney's fee in the amount of 25 percent of past due benefits recovered. After successfully obtaining reinstatement of the claimant's disability benefits, Mr. Hall sought approval of attorney's fees under section 406(b). This section provides in part that in awarding benefits "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits."
 
 
 3
 Mr. Hall requested approval of payment of $2,778.75 based on 21.3 attorney hours at a rate of $75.00 per hour and 1.3 paralegal hours at $35.00 per hour with a 50 percent increase to account for the contingent nature of the case. The district court approved payment of $1,643.00 based on the proffered hours and rates, but declined to increase the fee based on a contingency factor, stating: "[T]his court does not believe such an adjustment is appropriate inasmuch as the contingency factor is one of several other factors already considered by the court in arriving at the proper hourly rate." Mr. Hall contends that the district court abused its discretion in failing to give proper consideration to the contingency factor.[1]
 
 
 4
 "A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. In 'exceptional circumstances,' this presumptively fair lodestar figure may be adjusted [upward]." Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir.1986); see also Spell v. McDaniel, 824 F.2d 1380, 1403 (4th Cir.1987), cert. denied, 98 L.Ed.2d 765 (1988). In determining a reasonable fee, the contingency factor should be considered in two separate instances. First, any risks associated with the contingent nature of a particular case should be considered in fixing the lodestar, as the district court did here. Spell, 824 F.2d at 1404 (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, --- U.S. ----, 97 L.Ed.2d 585, 603 (O'Connor, J., concurring)). Further, to establish "exceptional circumstances" warranting an upward adjustment of the lodestar, an applicant must establish that without provisions for a contingency multiplier, the litigant "would have faced substantial difficulties in finding counsel in the local or other relevant market." Id. (quoting Delaware Valley, 97 L.Ed.2d at 603). No showing of exceptional circumstances was made to support the requested 50 percent increase above the lodestar.
 
 
 5
 Since the district court properly considered the contingency factor in setting the amount of attorney's fees, we find no abuse of discretion.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Mr. Hall also filed an application on behalf of the claimant for reimbursement of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. Sec. 2412 (West 1978 & Supp.1988) in an amount based on the proffered hours and rates. The district court award of $1,643.00 under EAJA is not contested by either the claimant or the Secretary. We note that the contingent nature of the fee is not a "special factor" justifying a reimbursement rate in excess of the $75.00 per hour statutory cap. Pierce v. Underwood, --- U.S. ----, 56 U.S.L.W. 4806, 4812 (U.S. June 27, 1988) (No. 86-1512); 28 U.S.C.A. Sec. 2412(d)(2)(A)